WO

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Michael A. Leon, | ) |
| Plaintiff, | ) CV 14-226 TUC DCB |
| v. | ) |
| | ) |
| Meggitt PLC, a corporation; Pacific Scientific Energetic Materials Company/Pacific Scientific, a subsidiary of Meggitt PLC, or corporation; Boeing, a corporation, Securaplane Technologies, Inc., a corporation, Fiona Grieg, and John Doe 1-50; Mary Roe 1-50; XYZ Corp 1-50; ABC LLC 1-50 named as unknown fictitious defendants | ) |
| Defendants. | ) |

**ORDER**

*This Order is amended at page 23 to add further directive, pursuant to the Mandate and Decision issued by the Ninth Circuit Court of Appeals on October 28, 2016 (Doc. 103).*

Defendants: Motions to Dismiss and Requests for Sanctions

Plaintiff sues named Defendants:   Meggitt PLC (Meggitt); Pacific Scientific Energetic Materials Company/Pacific Scientific (Pacific Scientific), Boeing Corporation (Boeing); Securaplane Technologies Inc. (Securaplane), and Fiona Grieg (Grieg).[1]  He seeks leave to file a Second Amended Complaint to add: Exponent Inc.; McKinsey & Company; Marc R. Birtel, and the Office of the Mayor, City of Philadelphia. Boeing and Securaplane answered with Motions to Dismiss for failure to state a claim and frivolousness.  They seek sanctions against Plaintiff for what they assert is vexatious litigation.  Defendants Grieg, Meggitt, and Pacific Scientific seek dismissal for improper service.  Plaintiff appears to have

---

[1]Fiona Greig is an employee of Meggitt PLC.

served the proposed Second Amended Complaint on the defendants he seeks to add, and Exponent Inc., has filed a Motion to Dismiss, and joined in the Boeing and Securaplane motions for sanctions.

Standard of Review

The Supreme Court has explained that to survive a motion to dismiss for failure to state a claim upon which relief can be granted, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal quotations omitted). Under Rule 12(b)(6), all factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Iolab Corp. v. Seaboard Sur. Co.*, 15 F.3d 1500, 1504 (9th Cir.1994).

Dismissal is appropriate if the facts alleged do not state a claim that is "plausible on its own face." *Twombly*, 550 U.S. at 570. The Supreme Court has found this reflects Rule 8(a)(2)'s threshold requirement that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief." *Id*. at 557. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 561 (abrogating long-standing "no set of facts" to support a claim for relief standard established in *Conley v. Gibson*, 355 U.S. 41 (1957)). "[F]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Id.* at 555-556. Put another way, a complaint must be supported by specific, non-conclusory factual allegations sufficient to support a finding by the court that the claims are more than merely possible, they are plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Both *Iqbal* and *Twombly* justified establishing "plausible" as the Rule 8(a) standard to curb the expense of discovery related to frivolous law suits. *Twombly*, 550 U.S. at 558-560, 595; *Iqbal*, 129 S. Ct. at 678-679.

Plaintiff proceeds *in forma pauperis,* pursuant to 28 U.S.C. § 1915, which allows a Court to authorize commencement of a suit without prepayment of the filing fee and requires the United States Marshall to serve the Complaint on defendants on behalf of a plaintiff. 28 U.S.C. § 1915(a)(1).  An *in forma pauperis, pro se* litigant should be given an opportunity to amend the compliant to overcome a deficiency unless it is clear that no amendment can cure the defect.  *See eg., Potter v. McCall*, 433 F.2d 1087, 1088 (9th Cir. 1970); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superceded by statute; Lopez v. Smith*, 203 F.3d 1122, 1129-1131 (9th Cir. 2000) (subsequent to Prisoner's Litigation Reform Act (PLRA), district court retains discretion to dismiss a pro se prisoner's *in forma pauperis* complaint with or without leave to amend, depending on whether amendment can cure the defect)**.**

"District judges have no obligation to act as counsel or paralegal to *pro se* litigants" because this would undermine district judges' role as impartial decisionmakers.  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131, n.13 (declining to decide whether the court was required to inform a litigant of pleading deficiencies under the PLRA, but noting that the pro se litigant, unskilled in the law, is far more prone to making errors in pleading than the person who has the benefit of being represented by counsel) (citing *Noll*, 809 F.2d at 1448).  So while the Court may not serve as advocate for the pro se litigant nor act as legal advisor, the Court does explain the pleading deficiencies and afford the pro se litigant an opportunity to amend the Complaint, <u>unless the Court is convinced that the action is frivolous</u>.[2]  Section 1915(e) provides for dismissal of a Complaint filed *in forma pauperis* if the Court is convinced that the action is frivolous.

---

[2]Frivolousness exists if the plaintiff would not be entitled to relief under any arguable construction of law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal under § 1915(e) is justified for legal frivolousness where a complaint is based on "an indisputably meritless legal theory...[such as] claims against which it is clear that the defendants are immune from suit, and claims of infringement of a legal interest which clearly does not exist...." *Id.* at 327.

For the reasons explained below, the Court grants the Defendants' motions to dismiss, including the requests for sanctions. The Court dismisses this action, with prejudice and without leave to amend, and finds the Plaintiff to be a vexatious litigant.

Plaintiff's Litigious Record: The 2013 Internet Defamation Tort Claims.

On January 8, 2014, the United States District Court for the District of Illinois transferred this case here, accordingly, returning Plaintiff to this Court to adjudicate tort claims previously dismissed by the Honorable Cindy K. Jorgenson. Plaintiff charges that Defendant Fiona Greig, an alleged representative of Defendants Securaplane and Boeing, made defamatory statements about Plaintiff which were published on the internet in January and February 2013. Allegedly, Fiona Gregg stated that Plaintiff was a convicted felon and Boeing stated he was fired for email violations. The Court refers to these tort claims as the 2013 internet defamation claims.

On March 26, 2013, Judge Jorgenson *sua sponte* dismissed Leon's case against Meggitt PLC, Securaplane, Boeing, Pacific Science, and Grieg, CV 13-111 TUC CKJ. As he does now, Plaintiff proceeded *in forma pauperis*, requiring Judge Jorgenson to screen the Complaint before ordering it served by the United States Marshal. 28 U.S.C. § 1915(a)(1), (e)(2). In her screening Order, she dismissed two federal claims brought by the Plaintiff under the False Claims Act (FCA) alleging fraud on the government related to the lithium ion battery. Then, finding no federal jurisdiction over the action, she dismissed the pendant state law tort claims: intentional infliction of emotional distress (IIED); negligent infliction of emotional distress (NIED); libel; slander, and invasion of privacy. Plaintiff based these tort claims on allegations that the defendants continued misrepresenting facts to the FAA, ASHA, NTSB, and the FBI since 2006 and the 2013 internet defamation claims. Judge Jorgenson's dismissal was without prejudice. (Order (Doc. 8) (CV 13-111 TUC CKJ)).

Subsequently, Plaintiff dropped his federal FCA claims, and filed the tort claims in the Pima County Superior Court, *Leon v. Meggitt, PLC, et al.,* (C-2013-2950), but was

prevented from proceeding there because the state court has declared him to be a vexatious litigant.  Plaintiff may not file lawsuits, without approval of the Presiding Judge for the Arizona Superior Court, against: Danahare Corporation, Pacific Scientific, and Securaplane Technologies, Inc.  His complaint was reviewed, and on June 19, 2013, he was denied leave to file it.  (Doc. 63), Ex. O.)

On April 25, 2013, Plaintiff again filed these same tort claims in federal court: *Leon v. Boeing* (CV 13-286 TUC JGZ); *Leon v. Meggitt* (CV 13-287 TUC JGZ); *Leon v. Pacific Scientific* (CV 13-288 TUC JGZ), and *Leon v. Greig* (CV 13-289 TUC DCB).  The Honorable Jennifer G. Zipps consolidated the three cases, CV 13-287 TUC JGZ, CV 13-286 TUC JGZ, and CV 13-288 TUC JGZ, with the lead case being: CV 13-287 TUC JGZ.  On July 19, 2013, Plaintiff filed *Leon v. Meggitt* (CV 13-673 TUC CKJ).

On May 10, 2013, this Court dismissed the action, *Leon v. Greig* (CV 13-289 TUC DCB), and on August 5, 2013, Judge Jorgenson dismissed *Leon v. Meggitt* (CV 13-673 TUC CKJ).  Both of these cases were dismissed as duplicative of the consolidated case *Leon v. Meggitt* (CV 13-287 TUC JGZ).

As well, Plaintiff filed the same "2013 internet defamation" tort claims in the federal court in Illinois, adding the FCA claims again without stating them with any more specificity than he had when he urged them before Judge Jorgenson.  (Complaint ((CV 13-1679); (CV 14-226 TUC DCB)) (Doc. 1)).  On November 10, 2013, Plaintiff filed a First Amended Complaint (FAC), dropping the FAC claims and adding a claim of retaliation under Title VII, (FAC (Doc. 14).  This is the instant case, transferred here and pending before this Court as: CV 14-226 TUC DCB.  Except for the Title VII retaliation claim, the tort claims brought in this action are duplicitous of the consolidated cases considered by Judge Zipps: *Leon v. Boeing* (CV 13-286 TUC JGZ); *Leon v. Meggitt* (CV 13-287 TUC JGZ), and *Leon v. Pacific Scientific* (CV 13-288 TUC JGZ), which were dismissed by Judge Zipps as consolidated: CV 13-287 TUC JGZ.

Judge Zipps also afforded the Plaintiff *in forma pauperis* status, consolidated and screened the complaints, which again alleged the 2013 internet defamation claims allegedly made by Fiona Greig and Boeing. *See* (Order (CV 13-287 TUC JGZ) at 1 n.1 (describing other two cases as "identical Complaints"). A review of the three complaints reflects the only difference were the named defendants. The lead case, CV 13-287 TUC JGZ, named Meggitt PLC; CV 13-286 TUC JGZ named Boeing, and CV 13-288 TUC JGZ named Pacific Scientific Energetic Materials Comp./Pacific Scientific. Judge Zipps described the crux of the First Amended Complaint relates to the publishing of a January 22, 2013 on-line article, including alleged Boeing spokesman Birtel's statement that a 2006 battery fire resulted from improper testing, not design; Securaplane through Greig made alleged statements that Plaintiff was a convicted felon, who lied to FAA investigators, falsified his employment history, and statements plaintiff violated e-mail policies). Judge Zipps addressed the merits of Plaintiff's tort claims. *Id.* at 4-5. In addition to substantial pleading deficiencies, she dismissed the cases because Plaintiff failed to state any tort claim against the parties he named.

Judge Zipps found the claims meritless because: 1) Plaintiff cannot link the named defendant to the publication of the internet article, and even if he could the information summarized in the internet article appears to have come from a published opinion readily located at the United States Department of Labor website and so Plaintiff is unable to prove a person reciting this information would have no reason to know that it is false; 3) the facts alleged do not support extreme and outrageous conduct or even negligence for IIED or NIED claims, and 4) Plaintiff cannot sue as a private citizen to enforce various federal and state criminal statutes against cyber stalking. (Order (CV 13-287 TUC JGZ) at 4-8.)

Plaintiff sought an appeal. Judge Zipps found the Plaintiff's appeal was not taken in good faith, the Ninth Circuit Court considered the Plaintiff-Appellant's motion to proceed on appeal *in forma pauperis*. It denied *in forma pauperis* status and held: "Because the court

has found that this appeal is frivolous, the district court judgment may be summarily affirmed even if appellant pays the fees," unless the appellant can show cause why the judgment challenged in this appeal should not be summarily affirmed.  (Order (Doc. 51) (CV 13-287 TUC JGZ5): United States Court of Appeals Case No. 14-15543 Order at 2 (citing Cir. R. 3-6 (where it is manifest that the question raised in the appeal are so insubstantial as not to justify further proceedings the Court may issue appropriate dispositve order).

The tort claims alleged here, (CV 14-226 TUC DCB), like those alleged in *Leon v. Meggitt*, (CV 13-673 TUC CKJ), dismissed by Judge Jorgenson and the claims against Greig alleged in *Leon v. Grieg, et al.*, (CV 13-289 TUC DCB), dismissed by this Court, are duplicative of the tort claims urged before Judge Zipps in the consolidated case CV 13-287 TUC JGZ.  They all in one way or another assert that defendants committed defamation, libel, slander, via the internet in 2013.[3]  The Court dismisses the tort claims alleged, here, because they are identical to the claims adjudicated by Judge Zipps, with the exception of the addition of Defendant Securaplane, here, and the other defendants the Plaintiff seeks to add in this case by a proposed Second Amended Complaint. (SAC): Exponent, Inc. McKinsey & Company, Marc R. Birtel, and Office of the Mayor, City of Philadelphia. Judge Zipps' findings in respect to the lack of merit of Plaintiff's tort claims against Defendants Meggitt, Boeing, Grieg and Pacific Scientific apply equally to Securaplane and the new defendants Plaintiff proposes to add, here.

---

[3] *Compare*: CV 13-287 TUC JGZ: "On January February 2013 next gov Fiona Greigg stated Plaintiff was a convicted felon, lied to FAA investigators and terminated for internet email usage perpetuating negativity in an attempt to further discredit Plaintiff concerning safety concerns." (Complaint (Doc. 1) at 2.) CV 14-226 TUC DCB: "On January February 2013 nest gov Fiona Greigg stated Plaintiff was a convicted felon perpetuating negativity in an attempt to further discredit Plaintiff concerning safety concerns.  Boeing and Fiona Grieg (spokesperson for all of the defendant companies in articles) stated that I was fired for internet email . . . .  Boeing Securaplane accused me of lying to FAA investigators. . ."

Additionally, this Court declines to adjudicate pendent state tort claims because it dismisses the federal Title VII claim of retaliation, without leave to amend. The federal courts are courts of limited jurisdiction and may only adjudicate those cases over which they have subject matter jurisdiction, which are cases involving diversity of citizenship or a federal question. *Kikkonen v. Guardian Life Insur. Co. of America*, 511 U.S. 375 (1994). Where the Complaint fails to reflect federal jurisdiction, it must be dismissed. *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). Generally, when federal claims are dismissed before trial, supplemental state claims should ordinarily also be dismissed. *Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 651 (9th Cir. 1984), *see e.g.,* (Order (Doc. 8) (CV 13-111 TUC CKJ) (discussing dismissal of these same pendent state tort claims subsequent to dismissal of federal cause of action brought under the False Claims Act).

Title VII: Retaliation Claim

Under Title VII "it is unlawful 'for an employer to discriminate against any of his employees or applicants for employment, . . . [or] to discriminate against any individual, . . . because he has opposed any practice made an unlawful employment practice by this subchapter [i.e., Title VII], or because he has made a charge, testified, assisted or participated in any manner in an investigation proceeding, or hearing under this subchapter.'" (R&R (Doc. 30) (CV 10-587 TUC DCB) at 16 (quoting 42 U.S.C. § 2000e-3(a)).[4] Title VII makes it unlawful for an employer to fail or refuse to hire or to discharge any individual, or to otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin. . . ." 42 U.S.C. § 2000e-2(a).

In 2010, Plaintiff sued Danaher Corporation, Pacific Scientific, Securaplane, and certain named individuals for violating Title VII and the Americans with Disabilities Act

---

[4] *See* Order (Doc. 40) adopting in full the findings and recommendations in the R&R.

8

(ADA).  At the time, Securaplane asserted it was a wholly-owned subsidiary of DH Holdings Corp., not a subsidiary of Pacific Scientific as asserted by Plaintiff, and that DH Holdings Corp. was wholly owned by Danaher Corporation.  (Report & Recommendation (R&R) (Doc. 30) at 8 n.4.)  By 2013, Plaintiff began naming Defendant Meggitt as the parent company of Pacific Scientific, named as the parent company of Securaplane.  Regardless of the confusion surrounding the various alleged parent corporate entities and subsidiary entities of Securaplane, it is undisputed that Securaplane was a subcontractor for Boeing.  It is undisputed that Plaintiff was an employee of Securaplane, and that his employment ended with Securaplane on May 11, 2007.  (R&R (Doc. 30) at 10.)

It is also undisputed that on August 19, 2010, Plaintiff filed a Notice of Charge of Discrimination with the EEOC.  (R&R (Doc. 30) at 11.)  His EEOC complaint alleged discriminatory conduct that allegedly occurred during his employment and post-employment retaliation related to whistle-blowing allegations he made regarding safety concerns related to the allegedly "defective" lithium ion battery being built and tested by Securaplane for Boeing.

On September 9, 2010, Plaintiff filed a federal lawsuit alleging Title VII and ADA violations: CV 10-587 TUC DCB.  Not relevant here, the Plaintiff alleged disability discrimination claims during the time of his employment, which were dismissed as time barred.  Relevant here, Plaintiff's 2010 case included allegations Securaplane allegedly slandered and libeled him by making him out to a violent scary person in retaliation for safety concerns he raised in respect to the lithium ion battery.[5]  He also alleged that in October and November of 2010, Securaplane refused to hire him for various job openings for which he was qualified.  On September 7, 2011, this Court dismissed the case.  Relevant here, the Court explained that his allegations of retaliation for whistle-blowing were not

---

[5]In the 2010 case, Plaintiff alleged that Securaplane made him out to be violent and scary by posting his picture with security at Securaplane in the format of a "wanted poster."

related to conditions of employment or due to discrimination based on race, color, religion, sex, or national origin.  The Court did not grant him leave to amend the Complaint because his grievances were not actionable under Title VII or the ADA.

Plaintiff repeats the same mistakes in the Title VII action he brings now: CV 14-226 TUC DCB.  The First Amended Complaint alleges: "On January February 2013, next gov Fiona Greig states Plaintiff was a felon perpetuating negativity in an attempt to further discredit Plaintiff concerning Safety concerns."  (FAC (Doc. 14) ¶ 11.)  He alleges the retaliatory conduct has continued for years and years escalating with international libel in an attempt to conceal, suppress faulty parts, lithium ion battery. . . . Harassment began when I brought forth safety concerns prior to lithium ion battery fire in November 7, 2006 and has continually escalated."  *Id.* ¶ 15.

Plaintiff does not and cannot state a claim under Title VII for retaliation based on these type of "whistle-blowing" allegations.  Accordingly, the action must be dismissed as to all named Defendants.  *Cf.* (R&R (Doc. 30) at 17-18 (explaining same).

The proposed amendment to the FAC to add parties in a Second Amended Complaint does not change the futility of the claim.  "Because individual defendants cannot be held personally liable under Title VII . . . ," (R&R (Doc. 30) at 13), named Defendant Grieg must be dismissed and the proposed addition of Defendant Marc R. Birtel would be futile.  No facts are alleged nor could they be alleged against the proposed Defendants Exponent, McKinsey & Co., and Office of the Mayor, City of Philadelphia, because no employee-employer relationship existed between these parties.  42 U.S.C. §§ 2000e-2(a) and 2000e-3(a).[6]  Plaintiff cannot sue Boeing, simply because Securaplane was Boeing's

_____

[6]Because Defendant Grieg cannot be sued, individually, under Title VII, the Court does not address the confusion as to who she is: Fiona Grieg, Fiona Greig, or Gregg; does she reside in Washington D.C. and is she an employee of McKinsey & Co. or does she reside in the United Kingdom as an employee of Meggitt PLC, or is she the "next gov Fiona Greigg."  The Court does not sort out the difference between Meggitt PLC, a corporate entity

1  subcontractor.  *See EEOC v. Foster Wheeler Const.*, 1999 WL 515524 (Ill. 1999) (answering

2  the question in EEOC case of whether employees of subcontractor can sue contractor;

3  depends on whether contractor can hire or fire subcontractor's employees).

4          The sole Defendant employer is Securaplane; Plaintiff's employment with

5  Securaplane ended in 2007.  Plaintiff filed one EEOC action in 2010.  Title VII requires a

6  plaintiff, prior to commencing a law suit, to exhaust available administrative remedies.  42

7  U.S.C. §§ 2000e-5(e); 12117(a), *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1099 (9th Cir.

8  2002).  The EEOC claim must be brought no more than 300 days after the alleged unlawful

9  conduct occurred.  *Id.*  Failure to exhaust administrative relief renders the complaint untimely

10  and precludes the action.  *Id.*; *Sommantino v. United States,* 255 F.3d 704, 707-708 (9th Cir.

11  2001).

12          Even if the Plaintiff's allegation that he was retaliated against because of his safety

13  related whistle-blowing about the lithium ion battery stated a claim under Title VII,[7] the

14  Plaintiff failed to file an EEOC complaint within 300 days of the alleged defamatory

15  statements about the Plaintiff which were published on the internet.  The retaliation claim for

16  the 2013 defamatory statements cannot be like nor reasonably related to the allegations

17  contained in the 2010 EEOC complaint because the span of years between the two precludes

18  the latter judicial charges from falling within the scope of the earlier EEOC's actual

19  ─────────────────

20  in the United Kingdom, and Meggitt-USA, Inc., a subsidiary of Meggitt PLC located in the

21  United States, but not named in the action. Likewise, the Court does not resolve the
   confusion between entities Pacific Scientific Company and Pacific Scientific Energetic

22  Materials, which appear to be two totally separate entities. *See* (Motion to Dismiss or, in the
   Alternative, Quash Service (Doc. 57) (CV 14-226 TUC DCB) (explaining confusion in

23  context of service deficiencies).  The Court denies the Motion to Quash by Defendants

24  Meggitt PLC and Fiona Greig and Pacific Scientific Company as moot because the case is
   dismissed on the merits.

25

26          [7]The Court would also have to ignore that Plaintiff complains about statements made
   by Defendant Greig, who is not an employee of Securaplane, and ignore the lack of any

27  employer-employee relationship between Plaintiff and Boeing.

28                                           11

investigation.  This is not a situation where the EEOC investigation might reasonably be expected to grow out of the original charge of discrimination to encompass later occurring allegations.  *EEOC v. Farmer Bros. Co.,* 31 F.3d 891, 899 (9th Cir. 1994), *see Oubichon v. North Am. Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir. 1973) (allowing judicial complaint to encompass any discrimination like or reasonably related to EEOC allegations, including new acts occurring during pendency of the EEOC charge).

"In determining whether a plaintiff has exhausted allegations that he did not specify in his EEOC charge, the Court may consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, any locations at which discrimination is alleged to have occurred, and the extent to which plaintiff's judicial claims are consistent with the plaintiff's original theory of the case."  ((R&R (doc. 30) at 19) (citing *B.K.B.*, 276 F.3d at 1101)).  The retaliation claim Plaintiff seeks to bring here based on defamatory internet statements made internationally in 2013 cannot be said to be within the scope of an EEOC investigation conducted in 2010 aimed only at defamatory statements made by Securaplane employees in Tucson, Arizona.

In conclusion, the Court finds that the Plaintiff's FAC not only fails to state a Title VII claim, but this case is frivolous and filed for the purpose of harassing these Defendants.  The Court bases its opinion on the fact that in 2010, it fully adjudicated a prior claim brought by the Plaintiff pursuant to Title VII and the ADA.  The Court explained the elements of such a claim, including the 300 day limitation period and the administrative exhaustion requirements.  The Court found the 2010 Complaint failed to state a claim and explained the reasons.  This action includes the same deficiencies.  While Plaintiff is *pro se*, he had the advantage of his experience from the 2010 case.  The Plaintiff knew or at least should have known this case lacked merit because it reasserted a retaliation claim based on whistle-

blowing and was untimely because it was filed approximately 6 years after his employment ended with Securaplane.

Sanctions: Vexatious Litigant

The Defendants ask the Court to find the Plaintiff is a vexatious litigant and impose sanctions, including ending his *in forma pauperis* status and precluding him from filing any future actions with this Court, without seeking leave of the Court. In 2010, the Defendants asked the Court to impose sanctions against the Plaintiff, who at that time had filed three lawsuits against Securaplane. This Court denied the request because there was no evidence of vindictiveness, even though the 2010 case was wholly lacking in merit. (R&R (Doc. 30) at 22-23.) The record has changed since then.

In addition to the eight related cases discussed in detail in this Order, Plaintiff also filed *Leon v. Danaher Corporation et al.*, (CV 12-74 TUC CKJ), which was dismissed *sua sponte* as being duplicitous of a proceeding being prosecuted in state court.

Plaintiff has filed four cases in Pima County Superior Court: *Leon v. Securaplane Technologies, et al.,* (C-2009-1791); *Leon v. Securaplane Technologies, et al.,* (C-2010-8434); *Leon v. Danaher Corp., et al.*, (C-2012-0876), and *Leon v. Meggitt, PLC et al.,* (C-2013-2950).

In the first, summary judgment was granted for defendants on the merits of Plaintiff's tort claims that Securaplane employees invaded his privacy and defamed him, including the claim previously seen by this Court in the 2010 case that Securaplane made him out to be violent and scary by posting his picture with security at Securaplane in the format of a "wanted poster." The state court dismissed allegedly defamatory statements made on or before March 12, 2008, as barred by a one-year statute of limitations and dismissed defamation claims based on testimony received during an August 2009 hearing before a Labor Department Administrative Judge under the AIR 21 Whistleblower Protection Program as absolutely privileged. (Doc. 63, Ex. B: Order (C-20091791) filed June 17, 2011.

The second case was adjudicated against the Plaintiff on the merits of claims of discrimination brought under the Arizona Civil Rights Act for similar reasons this Court dismissed his 2010 Title VII discrimination case.

Plaintiff appealed both decisions and they were both affirmed. The Court of Appeals for the State of Arizona imposed sanctions on the Plaintiff in the form of attorney fees for the defendant because the appeal was meritless. (Motion for Decl. of Vexatious Litigant (Doc. 63), Ex. H: Memorandum Decision at 7-8.)

The third case resulted in an injunction against further filings by the Plaintiff because he was found to be a vexatious litigant, and the fourth case[8] was dismissed pursuant to the vexatious litigant order.

Beginning around 2013, Plaintiff began filing cases in other forums and adding new defendants: *Leon v. Pacific Scientific Energetic Materials Co.*, Case No. 2:13-cv-00838-MCE-KJN (E.D. Cal. Dismissed July 25, 2013, Dkt. # 5, 8); *Leon v. The Boeing Co.*, Case No. 1:13-cv-02860 (N.D. Ill. Transferred to D. Ariz. July 12, 2013, Dkt. # 23,appeal dismissed, Dkt. # 33); *Leon v. Meggitt PLC*, Case No. 1:13-cv-00964-UNA (D.D.C. Transferred to D. Ariz. June 26, 2013, Dkt. # 4); *Leon v. Exponent, Inc.*, Case No.5:13-cv-05481-HRL[9] (N.D. Cal. Dismissed February 10, 2014, Dkt. # 18); *Leon v.*

_____

[8]This case was part of the round robin begun when Judge Jorgenson dismissed CV 13-111 TUC CKJ. Plaintiff refiled in the Pima County Superior Court, C-2013-2950, which was dismissed pursuant to the vexatious litigant order. Plaintiff refiled in the federal court of Illinois when the Pima County Superior Court dismissed it. Coming full circle, the Illinois proceeding, CV 13-1679, was transferred back to the federal courts in Arizona and assigned to this Court: CV 14-226 TUC DCB.

[9]In this case, the court took judicial notice of *Leon v. Meggitt PLC* (CV 13-111 TUC CKJ; *Leon v. Boeing* (CV 13-286 TUC JGZ); *Leon v. Grieg* (CV 13-289 TUC DCB; *Leon v. The Boeing Co.*, Case No. 1:13-cv-02860 (N.D. Ill. Transferred to D. Ariz. July 12, 2013, appeal dismissed), and *Leon v. Exponent, Inc*., Case No. 2:14-cv-00095 (W.D. Wash Dismissed February 21, 2014), and found all the actions duplicative, unnecessary and frivolous, and moreover that plaintiff was engaged in a strategic litigation campaign against

*Exponent, Inc*., Case No. 2:14-cv-00095 (W.D. Wash Dismissed February 21, 2014, Dkt. # 11), and *Leon v. Meggitt, PLC*, Case No. 1:13-cv-1679[10] (E.D. Ill. Transferred January 2, 2014, Dkt. # 40).  (Motion for Decl. of Vexatious Litigant (Doc. 63) at 8.)

Defendant Securaplane asserts it has been expressly named in 12 cases, *id.*, and Boeing asserts it has been named in approximately 14 cases, (Boeing Motion to Dismiss (Doc. 54), Ex. AA.).

Plaintiff has also filed lawsuits against counsel for defendants and judicial officers: *Leon v. State of Arizona, et al.*, Case No. 4:12-cv-556-CKJ (D.Ariz. Dismissed May 16, 2013, Dkt. # 37); *Leon v. State of Arizona, et al.*, Case No. 5:12-cv-04340 (N.D. Cal. Dismissed Oct. 15, 2012, Dkt. # 24); *Leon v. Kearney, et al.*, Case No. 4:13-cv-00278 (D. Ariz. Dismissed May 9, 2013, Dkt. # 6-7); *Bernstein v. Dunlop, et al.*, Case No. 3:13-cv-1563 (N.D. Cal. Dismissed July 26, 2013, Dkt. # 27, 44); *Leon v. Tibor Nagy, et al.*, Case No. CV2013-1121 (Pima Cty. Sup. Ct. Dismissed August 26, 2013); *Leon v. Ogletree, Deakins, Nash, Smoak & Stewart, P.C.*, Case No. 6:13-cv-00072 (D.S.C. Dismissed Mar. 12, 2013, Dkt. # 28), and *Leon v. Ogletree, Deakins, Nash, Smoak & Stewart, P.C.*, Case No. 1:13-cv-00100 (D.D.C. Dismissed Jan. 24, 2013, Dkt. # 5).  (Motion for Decl. of Vexatious Litigant (Doc. 63) at 8-9.)

Plaintiff has sought recusal of judges presiding over his cases, *see* Order (Doc. 8) (CV 13-111 TUC CKJ) and in this case he seeks recusal of this Court.  As Judge Jorgenson did and for the same reasons, this Court denies the Plaintiff's Motion to Disqualify Judge. (Order (Doc. 8) (CV 13-111 TUC CKJ) at 2-13)  It is the duty of this Court and within its

─────────────────

these defendants to, at the very least, keep defendants occupied with litigation in many districts. The court found that 28 U.S.C. § 1915 was designed to prevent this type of abusive conduct and dismissed the case without leave to amend and revoked plaintiff's *in forma pauperis* status for any appellate proceedings.  (Boeing Reply (Doc. 59), Ex. A: Order Dismissing Complaint.)

[10]See n. 8.

jurisdiction to decide the Motion to Disqualify/Recuse. *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) (the Ninth Circuit Court of Appeals has "held repeatedly that the challenged judge himself should rule on the legal sufficiency of a recusal motion in the first instance.")

"The standard for recusal under 28 U.S.C. §§ 144, 455 is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Id.* at 939. The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal. *Id.* A motion for recusal based entirely on prior adverse rulings is insufficient and will be denied. *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). Applying this standard and because in large part,[11] Plaintiff simply complains of prior adverse rulings, the Court denies the request for recusal.

The Court turns to the question of sanctions and whether to grant the Defendants' request for a pre-filing restriction. Restricting access to the courts is a serious matter because it restricts a fundamental constitutional right. *Delew v. Wagner*, 143 F.3d 1219, 1222 (9th Cir. 1998). Pre-filing restrictions should rarely be filed and only after the Court complies with procedural and substantive requirements: 1) to give the Plaintiff notice and an opportunity to oppose the order before it is entered; 2) compile an adequate record for appellate review, including listing all the cases and motions that led this Court to conclude that a vexatious litigant order is necessary; 3) make substantive findings of frivolousness or harassment, and 4) tailor the order narrowly so it closely fits the specific needs of this case. *De Long v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir. 1990).

The first two factors are procedural and the last two are substantive. The Court considers five factors in making its substantive determination: "(1) the litigant's history of

---

[11]This Court does not own stock in Boeing company. Plaintiff attaches financial disclosure documents which reflect that Boeing stock was sold in 2003.

litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Ringgold-Lockhart v. County of Los Angeles*, ___ F.3d ____, 2014 WL 3805579 * 3 (Calif. August 4, 2014).

Here, the Court has given the Plaintiff an opportunity to oppose and he has opposed Securaplane's request that this Court issue a vexatious litigant order.[12] He has responded to Defendant Boeing's Motion to Dismiss, which included the request that his *in forma pauperis* status be revoked. Plaintiff requested a hearing on the question of whether he is a vexatious litigant. The Court denies the Plaintiff's request for oral argument. It has reviewed Plaintiff's litigation record by reviewing briefs and court orders contained in full in the electronic record system, CM/ECF, for the United States District Court for the District of Arizona for a total of 12 cases. All have been discussed above, except for CV 09-390 TUC CKJ, which was removed from federal court and remanded to state court on July 14, 2009. It was the first case adjudication by the Pima County Superior Court, wherein summary judgment was denied. The parties submitted memoranda thoroughly discussing the law and evidence in support of their positions, and oral argument will not aid the court's decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999) (explaining that if the parties provided the district court with complete memoranda of the law and evidence  in support of their positions, ordinarily oral argument would not be required).

---

[12]Defendant Exponent, named in the proposed SAC, which was served by mail by Plaintiff, filed a Motion to Dismiss and joined in the vexatious litigant motion. Plaintiff filed a Response.

The Court finds the record compiled by the Plaintiff in this Court, as noted above, supports both requested sanctions because: 1) Plaintiff failed to prevail in even one case, 2) except for the two cases resolved on the merits against the Plaintiff in the Pima County Superior Court, his cases were dismissed because he failed to state a claim, with several of those dismissals being without leave to amend because the claims were frivolous, and 3) several cases resulted in some form of sanctions for being without merit, frivolous. or vexatious. The Court finds that the Plaintiff is more than just excessively litigious, Plaintiff's claims have been patently without merit. He has repeatedly filed the same claims against the same defendants after having had those claims dismissed and his pleading deficiencies explained to him, therefore, Plaintiff knowingly filed repeated meritless claims. The Court finds a pattern of harassment.

The Court revokes Plaintiff's *in forma pauperis* status for the purpose of filing any future action in the United States District Court for the District of Arizona. Section 1915(e)(2) of Title 28 provides for dismissal of a Complaint filed *in forma pauperis* if the Court is convinced that the action is frivolous. Section 1915 provisions for proceeding *in forma pauperis* should not be used to promote malicious and abusive litigation, which includes cases where an *in forma pauperis* complaint merely repeats pending or previously litigated claims. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988), *see also Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). Any future actions filed against these defendants involving these same claims would be frivolous, malicious and abusive litigation. More importantly, the Plaintiff's reported income from disability insurance of $1373.00 per month, (CV 14-226 TUC DCB (Doc. 3)), or $16,476.00 per year exceeds the 2014 poverty guideline for one person, which is $11,670.00.

Before issuing a vexatious litigant order, the Court must consider whether there is some less restrictive option adequate to protect the parties and the court. In other words, is there something short of issuing a vexatious litigant order to prevent the Plaintiff from filing

more frivolous and harassing law suits. *Ringgold-Lockhart*, 2014 WL 3805579 * 5.  The Court considers: "nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id.* (citing Fed. R. Civ. P. 11(c)(4).

The Court finds that imposing costs and fees on the Plaintiff would not be an adequate deterrence. For example, the fees and costs incurred by the Defendants in this case alone must be in the thousands of dollars given the number of Defendants the Plaintiff named and because of the voluminous record required to prove up the duplicitous, frivolous, and harassing nature of the Plaintiff's extensive litigation record.  While Plaintiff does not meet the 2014 guideline for poverty, he unquestionably has a very low income.   "The deterrent effect of an award of attorney's fees of a given sum of money is obviously dependent on the extent of the sanctioned party's resources. The poorer the offender, the smaller need be the sanction to ensure the desired deterrent effect." *Eastway Const. Corp. v. City of New York*, 637 F. Supp. 558, 573-74 (E.D.N.Y. 1986).  (citing *see e.g., Oliveri v. Thompson*, CV–83–3572 (E.D.N.Y. Dec. 23, 1985) (reducing sanction against attorney from $51,000 to $5,000 because of his financial condition)). "Accordingly, many courts have reduced fee awards based on ability to pay." *Id.* (citing e.g., *Faraci v. Hickey Freeman Co., Inc.*, 607 F.2d 1025 (2d Cir.1979) (section 706(k) award); *Colucci v. New York Times Co.*, 533 F.Supp. 1011 (S.D.N.Y.1982) (same); *Kostiuk v. Town of Riverhead*, 570 F.Supp. 603 (E.D.N.Y.1983) (section 1988 case); *Kuzmins v. Employee Transfer Corp.*, 587 F.Supp. 536 (N.D.Ohio 1984) (same); *Taylor v. Prudential-Bache Securities*, 594 F.Supp. 226 (N.D.N.Y.), aff'd mem., 751 F.2d 371 (2d Cir.1984) (Rule 11 case, pro se plaintiff); *Heimbaugh v. City of San Francisco*, 591 F.Supp. 1573 (N.D.Cal.1984)).

Given Plaintiff's low income, any attorney fee award would be exceedingly nominal and have a very low deterrence impact as an example to others. It would utterly fail to

compensate the Defendants for the needless expenses incurred from Plaintiff's vexatious litigation. And, Plaintiff might in fact be unable to pay even a nominal penalty, especially if the award were a lump sum of money.  Any deterrence affect would be outweighed by the administrative expense incurred by either the Court or Defendants to collect the award, especially if it were paid overtime instead of in a lump sum.  Collection efforts might well spawn further litigation. The Court finds a monetary sanction is not a realistic lesser restrictive sanction.      The Court narrowly tailors the vexatious litigant Order to the Plaintiff's wrongful behavior. *Ringgold-Lockhart*, 2014 WL 3805579 * 6. Here, Plaintiff's wrongful conduct includes relitigating the same factual allegations and claims, either simultaneously in multiple pending actions or in actions filed subsequent to adjudication of the claims in other courts.  But there is more, he repackages his grievances by adding new even more frivolous claims and new even more tenuously related parties.[13]  So for example, his FAC filed in CV 13-287 TUC JGZ against Meggitt added claims for cyber stalking, cyber harassment, and cyber bullying to his internet defamation tort claims, (FAC (Doc. 13) (CV 13-287 TUC JGZ)), and in this case, he seeks to add new Defendant McKinsey & Company, a public relations firm and allegedly Boeing client[10] and the Office of Mayor Philadelphia, (Motion for Leave to File SAC (Doc. 73), Ex. A: SAC ¶ 21).  And, Plaintiff sues the attorneys representing the parties he names in these frivolous law suits.

---

[13]The doctrine of *res judicata* bars further litigation of claims by parties on causes of action that were previously asserted, or could have been previously asserted, in a prior litigation which has been adjudicated to a final judgment. *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). Claims dismissed for failure to state a claim have been fully adjudicated. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (standard of review same under 28 U.S.C. 1915(e) screening order and motion to dismiss under Fed. R. Civ. P. 12(b)(6)).

[10]It is more likely that McKinsey & Company provides public relations services to Boeing.

The Court finds that Plaintiff has abused his right of access to the courts in respect to the many claims he has filed related in some way or another to his employment relationship with Securaplane and the testing and development of the lithium ion battery. The defendants he chooses to name have some relationship, either parent or subsidiary corporate entities to Securaplane, or contractual such as Boeing, its clients or service providers, and he sues these entities' employees.

In *Ringgold-Lockhart*, the court explained that courts routinely perform the task of filtering out frivolous suits, pursuant to Rule 11(b) of the Federal Rules of Civil Procedure, "but courts cannot properly say whether a suit is 'meritorious' from pleadings alone." *Id.* With this in mind, this Court crafts an injunction to prevent the malicious and vexatious filings described above, but to allow the Plaintiff access to the courts in the event he seeks to file a claim of merit. *Id.* This Court limits screening of any future filings by the Plaintiff for frivolousness or harassment.

**Accordingly,**

**IT IS ORDERED** that Defendants' Motions to Dismiss (Docs. 52, 54, 57, 76) are GRANTED.

**IT IS FURTHER ORDERED** that Defendant Securaplane's Motion for Order Declaring Michael Leon a Vexatious Litigant (Doc. 63) is GRANTED.

**IT IS FURTHER ORDERED** that all Plaintiff's motions (Docs. 68, 73, 77, 79, 82, 84, and 86) are DENIED.

**IT IS FURTHER ORDERED** that all other motions are denied as moot.

**IT IS FURTHER ORDERED** finding that the Plaintiff is a vexatious litigant, and the Clerk of the Court shall designate him as such for the purpose of tracking any future filings by him in this Court.

**IT IS FURTHER ORDERED** that the Plaintiff's *in forma pauperis* status is revoked for purposes of any appeal taken in this case, and Plaintiff is denied *in forma*

*pauperis* status for all future filings in the United States District Court for the District of Arizona.

**IT IS FURTHER ORDERED** that Plaintiff is enjoined from filing any further actions arising directly or indirectly from measures taken by the Plaintiff in respect to the lithium ion battery within the context of his employment relationship with Securaplane, its parent corporate entities or subsidiaries, the Boeing Company, its clients or entities providing services to Boeing, and past or future employees or non-employee individuals, who Plaintiff alleges to be "representing" these entities.

**IT IS FURTHER ORDERED** that this injunction expressly applies to any further actions for relief under Title VII, the ADA, or the FCA.

**IT IS FURTHER ORDERED** that the factual allegations reached by this injunction include, but are not limited to: 1) discriminatory conduct that allegedly occurred during his employment and post-employment retaliation related to whistle-blowing allegations he made regarding safety concerns related to the lithium ion battery; 2) continued misrepresenting facts to the FAA, ASHA, NTSB, and the FBI since 2006; 3) Securaplane made him out to be violent and scary person by posting his picture for security purposes in the format of a "wanted poster"; 4) statements made about Plaintiff and published on the internet in January and February 2013, such as: "On January February 2013 next gov Fiona Greigg stated Plaintiff was a convicted felon, lied to FAA investigators and terminated for internet email usage perpetuating negativity in an attempt to further discredit Plaintiff concerning safety concerns"; and cyber stalking, cyber harassment, and cyber bullying.

**IT IS FURTHER ORDERED** that the parties protected by this injunction include, but are not limited to: Meggitt PLC; Pacific Scientific Energetic Materials Company/Pacific Scientific, Boeing Corporation; Securaplane Technologies Inc., Fiona Grieg a/k/a Greig or Gregg, Exponent Inc., McKinsey & Company; Marc R. Birtel, and the Office of the Mayor, City of Philadelphia.

**IT IS FURTHER ORDERED** that Plaintiff is enjoined from filing any further actions naming counsel for these entities.

**IT IS FURTHER ORDERED** THAT PLAINTIFF SHALL FILE A COPY OF THIS ORDER WITH ANY FUTURE FILING HE MAKES IN THIS COURT OR ANY OTHER COURT OF LAW.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment against the Plaintiff, with prejudice as to all claims.

**IT IS FURTHER ORDERED** that this Court retains jurisdiction over this case to impose further sanctions in the event the Plaintiff is found to be in contempt of this injunction or the directive that he include a copy of this Order when filing any further action in a court of law.

**IT IS FURTHER ORDERED** that if Leon wishes to file an action alleging claims under the False Claims Act, the Americans with Disabilities Act, or Title VII, or seeks in forma pauperis status for future filings in this District, Leon may seek permission from this Court.

Dated this 29th day of November, 2016.

David C. Bury
United States District Judge

23